Filed 8/8/23  P. v. Andrews CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080265 |
| v. | (Super.Ct.No. FVA1100588) |
| DALRAY KWANE ANDREWS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Cheryl C. Kersey, Judge.  Dismissed.

David W. Beaudreau, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Dalray Kwane Andrews[1] appeals from the order of the San Bernardino County Superior Court denying his section 1172.6[2] petition for resentencing.

## BACKGROUND

In April 2011, Joshua Huizar was waiting in a fast-food drive through when defendant approached him and demanded money. When Mr. Huizar attempted to drive away, defendant shot and killed him.

In 2012, a jury convicted defendant of first degree murder (§ 187), attempted robbery (§§ 211, 664), and assault with a semiautomatic firearm (§ 245, subd. (b)). The jury also found true allegations that defendant personally used a firearm in the commission of each of the offenses. We affirmed the convictions on appeal. (*People v. Andrews* (Feb. 10, 2014, E057913) [nonpub. opn.] (*Andrews I.*).)

In January 2022, defendant filed a section 1172.6 petition for resentencing. The People opposed the petition on the grounds that defendant was the actual killer and personally used a firearm in the commission of the killing and requested judicial notice of the sentencing report, our opinion in *Andrews I.*, and the trial court's files and records. Defendant argued his petition established on its face his entitlement to relief and,

---

[1] Defendant's name is spelled different ways within the record. We will use the spelling from the Abstract of Judgment.

[2] Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering. All further statutory references are to the Penal Code.

therefore, the court should not make a decision about the credibility of his allegations without first holding an evidentiary hearing.

At the November 2022 prima facie hearing on the petition, the court stated it had reviewed the trial briefs, our opinion in *Andrews I.,* and defendant's conviction and found defendant was the actual killer of the victim and personally used a firearm to commit that offense. Defendant timely noticed this appeal and we appointed counsel to represent him.

**DISCUSSION**

Appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel requests we exercise our discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) to conduct an independent review of the record and suggests we have plenary discretion to address the following questions: (i) whether the trial court erred by relying on the facts stated in the prior appellate opinion; (ii) whether the trial court erred by relying on the facts stated in the probation report; (iii) whether any error was prejudicial in light of the factual circumstances, the parties' closing arguments at trial, the jury instructions, and verdicts, which are all part of the court file and records.

We notified defendant that his counsel had filed a brief stating no arguable issues could be found and that this court may, but is not required, to conduct an independent review of the record. (*Delgadillo*, *supra*, 14 Cal.5th 216 at pp. 231-232.) We invited him to file any arguments he deemed necessary and cautioned that failure to timely file a

3

supplemental brief might result in the dismissal of his appeal as abandoned.  Defendant did not file a brief.

Neither defendant nor his counsel have presented an issue and upon our review of the record, we do not find any error.  Accordingly, we dismiss defendant's appeal.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


RAMIREZ
                                                                                         P. J.


We concur:


McKINSTER
                          J.


MILLER
                          J.


4